# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LONNIE CONNELLY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:03cv1385 TCM |
| ) | |
| DAVID DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Lonnie Connelly (Petitioner), a Missouri prisoner serving three concurrent life sentences imposed on a guilty plea, petitions this Court[1] for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was sentenced on April 9, 2002, following his guilty plea to one count of second degree murder; one count of armed criminal action; and one count of first degree robbery. (Resp. Ex. B.) He did not appeal. (Pet'n at 2.) He was delivered to the Department of Corrections ("DOC") on April 15. (Traverse at 1.)

On July 25, a deputy clerk with the Twenty-Second Judicial Circuit of Missouri acknowledged the receipt and filing on July 12 of Petitioner's motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. (Pet'r Ex. B.) A transcript was ordered on July 25. (Pet'r Ex. C.) By order of March 27, 2003, the circuit court dismissed

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

Petitioner's Rule 24.035 motion as untimely, employing a filing date of July 25, 2002, when calculating the time between Petitioner's delivery to the DOC and the filing date.² (Pet'r Ex. D.) That time period is 101 days, 11 days pass the then-applicable mandatory 90-day period for filing a timely Rule 24.035 motion.³ See Mo.S.Ct.R. 24.035(b) (2000). Had the court used the July 12 date, the time period would have been 87 days, and the motion would have been timely.

On September 25, 2003, Petitioner's pro se § 2254 petition, raising one claim of ineffective assistance of trial counsel and two claims of insufficient evidence, was mailed. It was received on September 29, and docketed on October 8.

Employing the dates of April 9, 2002, and October 8, 2003, Respondent argues that the time period between the two exceeds the one-year statute of limitations of 28 U.S.C. § 2244(d)(1)(A) by seven months. Respondent does not include in his calculations any tolling period.

Title 28 U.S.C. § 2244(d) provides, in relevant part, as follows:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of . . .

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

²Apparently, Petitioner did not appeal this ruling. (Pet'n at 4.)

³Rule 24.035(b) was amended effective January 1, 2003, to provide for a 180-day time period for filing a post-conviction relief following a guilty plea in cases in which no direct appeal was filed. This amendment does not affect Petitioner's case. See **Bollinger v. State**, 144 S.W.3d 335, 337-38 (Mo.Ct.App. 2004).

. . .

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations for Petitioner to file his § 2254 petition began to run on April 9, 2002. See **Maghee v. Ault**, 410 F.3d 473, 476 (8th Cir. 2005) (state proceedings are not pending for the time period between conviction and appeal, if any, and filing of an application for state post-conviction relief). According to exhibits submitted by Petitioner, his Rule 24.035 motion was filed on July 12, 2002. As of that date, 87 days of the 365 available had passed. The tolling provision of § 2244(d)(2) requires "a properly filed application for State post-conviction or other collateral review" and exempts only the time during which such application is pending. "A properly filed application is one that meets all the state's procedural requirements." **Beery v. Ault**, 312 F.3d 948, 950 (8th Cir. 2002).

The Eighth Circuit Court of Appeals recently addressed the question of whether an untimely filed motion for post-conviction relief tolled § 2244(d)'s statute of limitations:

> "An application is 'filed,' as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and the office in which it must be lodged, and the requisite filing fee."

**Walker v. Norris**, 436 F.3d 1026, 1030 (8th Cir. 2006) (quoting Artuz v. Bennett, 531 U.S. 4, 5, 8 (2000)). The court then noted that the Supreme Court had, during the pendency of

Walker's appeal, applied its holding in Artuz to the specific question of whether a petition that was ultimately found to be untimely was "properly filed" within the meaning of § 2244(d)(2). **Id.** "[T]he Court announced, '. . . we now hold: When a postconviction petition is untimely under state law, "that [is] the end of the matter" for purposes of § 2244(d)(2).'" **Id.** (quoting Pace v. DiGuglielmo, 125 S.Ct. 1807, 1810 (2005)) (first alteration added; second in original).

The only evidence before the Court, however, is that Petitioner's post-conviction motion was timely filed, and the state court's holding otherwise was incorrect. Consequently, the time period during which Petitioner's post-conviction motion was pending is apparently exempt from § 2244(d)'s statute of limitations.

On March 27, 2003, the tolling ended and the statute of limitations again began to run. The running ended at the latest on September 25.[4] As of that date, an additional 124 days of the remaining 278 days available had passed. Thus, the instant petition was filed 154 days before the statute of limitations ended.

Because Respondent's timeliness argument mistakenly depended on no post-conviction motions having been filed, his response to this Court's show cause order must be amended to again address why the habeas relief sought by Petitioner should not be granted,

---

[4] See **Nichols v. Bowersox**, 172 F.3d 1068, 1077 (8th Cir. 1999) (holding that "for purposes of applying 28 U.S.C. § 2244(d), a *pro se* prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities").

including addressing the question of the merits of Petitioner's claims and any procedural default.

Accordingly,

**IT IS HEREBY ORDERED** that Respondent is to file, **on or before May 18, 2006**, an amended response as set forth above to the Court's previous show cause order.


                                                /s/ Thomas C. Mummert, III
                                                THOMAS C. MUMMERT, III
                                                UNITED STATES MAGISTRATE JUDGE

Dated this  27th  day of April, 2006.