## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| LONNIE CONNELLY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case number 4:03cv1385 TCM |
| ) | |
| DAVID DORMIRE, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

Lonnie Connelly ("Petitioner"), a Missouri prisoner serving three concurrent life sentences, petitions this Court[1] for federal habeas corpus relief pursuant to 28 U.S.C. § 2254. For the reasons set forth below, his petition is denied.

## Background

On April 9, 2002, Petitioner's trial counsel informed the trial court that her client had authorized her to withdraw his former pleas of not guilty in two cases and to enter pleas of guilty to an amended charge. (Resp. Ex. 2, 6.) Asked by the court if he agreed with this announcement, Petitioner, under oath, replied that he did. (Id. at 2.)

The court then inquired into Petitioner's personal history, for example, how far he had gone in school – three months of college – and whether he was single or married – he was single. (Id. at 3.) Petitioner had no physical health problems, was not taking any medication,

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

and was not under the influence of any drugs, alcohol, or narcotics. (Id. at 3-4.) He had, however, been treated a "couple of years" ago for depression. (Id. at 4.) He had been prescribed a medication for the depression but had not been taking it for the past "couple of years." (Id. at 4-5.) And, he had not spoken with his attorney about his depression. (Id. at 5.) Regardless, he felt able to proceed and understood the nature of the cases and the legal process. (Id.)

Petitioner understood that he had originally been charged in one case with forceable rape and in the other case with first degree murder, first degree robbery, and armed criminal action. (Id.) Pursuant to his agreement with the State, the murder charge was being amended to felony murder, or second degree murder. (Id. at 6.) The other charges remained the same. (Id. at 6.) He would then be sentenced, according to the agreement, to life in prison on all counts. (Id. at 8.)

The prosecutor informed the court that should the case proceed to trial, the State expected to prove that Petitioner or a man he was with shot a security guard twice in the head with a gun one of the two men took from the guard's car. (Id. at 9.) Petitioner informed the court that he "wasn't in on killing anyone." (Id. at 10.) He did help move the body and drove the "suspect" away from the scene in the victim's car. (Id. at 11.) He did not know his companion was going to shoot or rob the victim. (Id.) The court informed everyone that they would proceed to trial the next day. (Id. at 12.) The State would try Petitioner for first degree murder. (Id.)

After a recess, the parties appeared again before the court. (Id.) Asked what involvement he had in the robbery, Petitioner replied that he had planned to help move the body. (Id.) This time, he also stated that he had planned on committing a robbery. (Id. at 13.) He did not personally shoot the victim. (Id. at 14.) As to the forceable rape charge, Petitioner admitted that he had raped an eleven-year old girl and had threatened to kill her and her family, also telling her that he had killed a security guard. (Id. at 15.)

The maximum range on each count was life imprisonment. (Id.) The plea bargain was for a life sentence on each count with each sentence to run concurrently. (Id. at 16.) The range of punishment on the original first degree murder charge had been the death penalty or life without parole. (Id.)

The court then inquired into Petitioner's understanding of the number of years he would have to serve on a life sentence. (Id. at 17.) On further questioning by the court, Petitioner affirmed that no one had made him any promises, other than the ones previously discussed, to get him to plead guilty. (Id. at 18.) His lawyer had fully advised him about the case, had told him his legal rights, had explained the consequences of his plea, had not refused to do anything asked, had answered all his questions, and had not failed to contact any witnesses. (Id. at 18-19.) He understood that by pleading guilty he was waiving his rights to trial by jury, to be presumed innocent at that trial, to require the State to prove his guilt beyond a reasonable doubt, to be found guilty only by a unanimous vote of twelve jurors, to decide whether or not to testify or to present evidence or witnesses, to cross-

examine any witnesses against him, to subpoena witnesses, and to challenge statements taken by police. (Id. at 20-21.) Petitioner assured the court that no one had promised him probation and that he understood that probation was not an option. (Id. at 22-23.)

He was admitting guilty voluntarily and because he was guilty as to each of the three counts in the one case and the rape charge in the second case. (Id. at 23-24.)

The court sentenced Petitioner in accordance with the plea bargain. (Id. at 29-30.)

Next, the court again inquired into Petitioner's satisfaction with his attorney's performance. (Id. at 31-35.) Petitioner stated, still under oath, that he had no reason to believe that his counsel had not contacted the witnesses whose names he had given her; she had explained his various options and the sentences he might receive if he went to trial and was found guilty; and they had discussed the statements he had given police. (Id. at 32-34.) He had told her he wanted to plead guilty and knew of no basis for the court to conclude that she had not done an adequate job for him. (Id. at 34.)

On July 12, Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035. (Pet'r Ex. B.) The motion was denied on March 27, 2003. (Pet'r Ex. D.) Petitioner did not appeal. (Pet'n ¶ 11(c).)

In September, Petitioner filed the instant petition, challenging his conviction as unconstitutional on the grounds of (1) ineffective assistance of trial counsel for forcing him to plead guilty by telling him that she would not be able to try his case because she did not have time to depose a prosecution witness and (2) insufficient evidence, specifically no gun,

money, eyewitnesses, semen, or signs of struggle or verbal resistance.[2] Respondent counters that the grounds are procedurally barred and, in the alternative, without merit.[3]

**Discussion**

Procedural Default. Title 28 U.S.C. § 2254(b)(1)(A) and the Supreme Court bar the granting of habeas corpus relief unless it appears that the state prisoner has exhausted available state court remedies. See **Baldwin v. Reese**, 541 U.S. 27, 27 (2004); **Gray v. Netherland**, 518 U.S. 152, 161 (1996); **Coleman v. Thompson**, 501 U.S. 722, 730 (1991).

> 'Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." Darr v. Burford, 339 U.S. 200, 204 (1950)).'

**Id.** at 731 (quoting Rose v. Lundy, 455 U.S. 509, 518 (1982)). See also **Weeks v. Bowersox**, 119 F.3d 1342, 1349-50 (8th Cir. 1997) ("Requiring the exhaustion of state remedies both allows the states to correct any possible constitutional violations without unnecessary intrusion by the federal courts and allows the state courts to create a factual record should the matter proceed to federal court.").

---

[2] This second ground was presented as two. The legal basis for both is the same; therefore, they will be addressed as a single ground.

[3] Respondent earlier argued that the petition was time-barred. This argument was addressed in an earlier Memorandum and Order.

"[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance. A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." **Coleman**, 501 U.S. at 732 (alteration added).

In Missouri, a Rule 24.035 motion is the exclusive remedy to challenge a guilty plea on federal constitutional grounds. **Weeks**, 119 F.3d at 1347; **Duvall v. Purkett**, 15 F.3d 745, 746 (8th Cir. 1994). The failure to renew on appeal a claim presented in a post-conviction motion causes a procedural default of the omitted claim. See **Osborne v. Purkett**, 411 F.3d 911, 919 (8th Cir. 2005); **Anderson v. Groose**, 106 F.3d 242, 245 (8th Cir. 1997); **Lowe-Bey v. Groose**, 28 F.3d 816, 818 (8th Cir. 1994).

It is undisputed that Petitioner did not appeal from the denial of his post-conviction motion. Consequently, the merits of the grounds presented in that motion may not be reached "unless [Petitioner] can show cause and prejudice for the default, or actual innocence."[4] **Clemons v. Luebbers**, 381 F.3d 744, 750 (8th Cir. 2004) (alteration added).

"'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's

---

[4]The merits of a procedurally defaulted claim may be reached if actual innocence is established. See **Cox v. Burger**, 398 F.3d 1025, 1031 (8th Cir. 2005). To do so, a petitioner "must come forward with new reliable evidence that was not available at trial[.]" **Nance v. Norris**, 392 F.3d 284, 291 (8th Cir. 2004) (alteration added). Petitioner has not come forward with, nor alleged, there is any new reliable evidence of his innocence.

efforts to comply with the State's procedural rule.'" **Ervin v. Delo**, 194 F.3d 908, 915 (8th Cir. 1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)) (alteration in original). There is no exhaustive catalog of the objective impediments, nor have the precise contours of the cause requirement been clearly defined. **Ivy v. Caspari**, 173 F.3d 1136, 1140 (8th Cir. 1999). "At a minimum, however, [Petitioner] must show that 'something *external* to [him], something that cannot fairly be attributed to him,' caused the procedural default." **Id.** (quoting Coleman, 501 U.S. at 753) (first alteration added; second in original). Petitioner has not alleged that there is any cause for his default. Absent cause for his default or the establishment of actual innocence, see note 4, above, Petitioner's grounds are procedurally barred.

The Merits. Regardless whether Petitioner's grounds are procedurally barred, the court may also reach their merits because "neither the statute of limitations nor procedural default constitute a jurisdictional bar to [the court's] review" of the merits. **Trussell v. Bowersox**, 447 F.3d 588, 590 (8th Cir. 2006) (citing Day v. McDonough, 126 S.Ct. 1675, 1681-82 (2006) (alteration added).

Title 28 U.S.C. § 2254(d) mandates that a federal court "not grant habeas relief on a claim that was adjudicated on the merits in state court unless 'it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,'" **James v. Bowersox**, 187 F.3d 866, 869 (8th Cir. 1999) (quoting § 2254(d)(1)), or it "'resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding,'" **Evans v. Rogerson**, 223 F.3d 869, 871 (8th Cir. 2000) (quoting § 2254(d)(2)). See also **Weaver v. Bowersox**, 241 F.3d 1024, 1029 (8th Cir. 2001) ("Section 2254(d) distinguishes between two types of erroneous decisions – those of law and those of fact[.]").

The "contrary to" clause and the "unreasonable application" clause have independent meanings. **Williams v. Taylor**, 529 U.S. 362, 405 (2000). "[A] state court decision is 'contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent.'" **Lockyer v. Andrade**, 538 U.S. 63, 73 (2003) (quoting Williams, 529 U.S. at 405-06) (alterations added). "On the other hand, a run-of-the-mill state-court decision applying the correct legal rule from [Supreme Court] cases to the facts of a prisoner's case would not fit comfortably within § 2254(d)(1)'s 'contrary to' clause." **Williams**, 529 U.S. at 406 (alteration added). Thus, a state court decision that correctly identifies the controlling legal authority and, applying that authority, rejects a prisoner's claim does not fit within the "contrary to" clause although it might be contrary to a federal court's conception of how that authority ought to be applied in that particular case. **Id.**

Such a state court decision can, however, fit within the "unreasonable application" clause. **Id.** at 407-08. "[W]hen a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case, a federal court applying § 2254(d)(1) may conclude that the state-court decision falls within that provision's 'unreasonable application' clause." **Id.** at 409 (alterations added). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." **Id.** (alteration added). When making this inquiry, a federal habeas court should note that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." **Id.** at 410. "It is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." **Lockyer**, 538 U.S. at 75 (internal quotations omitted). Instead, "the relevant state court decision [must be] both wrong and unreasonable." **Colvin v. Taylor**, 324 F.3d 583, 587 (8th Cir. 2003) (alteration added).

And, "'[t]o the extent that inferior federal courts have decided factually similar cases, reference to those decisions is appropriate in assessing the reasonableness . . . of the state court's treatment of the contested issue.'" **Copeland v. Washington**, 232 F.3d 969, 974 (8th Cir. 2000) (quoting Long v. Humphrey, 184 F.3d 758, 761 (8th Cir. 1999)) (alterations in original). Additionally, "the [state courts'] 'summary nature' of the discussion of [a] federal constitutional question does not preclude application of the AEDPA standard." **Brown v. Luebbers**, 371 F.3d 458, 462 (8th Cir. 2004) (alterations added).

It is well established that "a defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [Strickland v. Washington, 466 U.S. 668 (1984)].'" **Hill v. Lockhart**, 474 U.S. 53, 56-57 (1985) (quoting Tolett v. Henderson, 411 U.S. 258, 267 (1970)) (alteration added). Consequently, to obtain habeas relief on his first ground Petitioner must show that his counsel's performance was deficient, i.e., counsel's representation fell below an objective standard of reasonableness, and that he would not have pleaded guilty and would have insisted on going to trial but for that deficient performance. See **Gumangan v. United States**, 254 F.3d 701, 705 (8th Cir. 2001); **Wilcox v. Hopkins**, 249 F.3d 720, 722 (8th Cir. 2001); **Witherspoon v. Purkett**, 210 F.3d 901, 903 (8th Cir. 2000). And, "[i]n determining whether counsel's conduct was objectively reasonable, there is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" **Id.** at 704 (quoting Strickland, 466 U.S. at 689) (alteration added). "The prejudice inquiry in such cases 'focuses on whether counsel's constitutionally ineffective performance affected the outcome of the *plea process*.'" **Wanatee v. Ault**, 259 F.3d 700, 703 (8th Cir. 2001) (quoting Hill, 474 U.S. at 58).

Under oath, Petitioner stated that his trial counsel had done all he asked and had contacted any witnesses. He also stated that the decision to plead guilty was his. He now contends that the decision to plead guilty was forced by his trial counsel's inability to timely depose a prosecution witness. This contention contradicts his sworn statements to the trial

court during the change-of-plea hearing. "Solemn declarations in open court carry a strong presumption of verity[,]" **Blackledge v. Allison**, 431 U.S. 63, 74 (1977) (alteration added); thus, it is a heavy burden to overcome admissions at a plea hearing to show that the plea was involuntary, **Nguyen v. United States**, 114 F.3d 699, 703 (8th Cir. 1997). Petitioner's conclusory statement that his trial counsel told him she was unprepared for trial, thereby forcing him to plead guilty, does not carry this burden.

Petitioner also argues that there was insufficient evidence to establish a factual basis for his plea. This argument also contradicts his sworn declaration that he had planned to rob the security guard and that he had threatened an eleven-year old girl with killing her and her family, supporting such threats with talk of having killed a security guard, in order to rape her. This argument is, therefore, unavailing. See <u>**United States v. Lasley**</u>, 158 Fed.Appx. 746, 747 (8th Cir. 2005) (per curiam) (rejecting habeas challenge to guilty plea by petitioner who had failed to challenge a factual basis for the plea).

## Conclusion

For the foregoing reasons, Petitioner's claims are procedurally barred and are without merit. Therefore,

**IT IS HEREBY ORDERED** that petitioner Lonnie Connelly's 28 U.S.C. § 2254 petition is **DENIED** without further proceedings.

An appropriate Judgment shall accompany this Memorandum and Order.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of August, 2006.